The Honorable. The United States Court of Appeals for the First Circuit is now in session. All persons having any business before the Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is United States v. Blake Fields, Appeal Number 192012. Mr. Stern, good morning. Thank you, Your Honor. May I save two minutes of my time for rebuttal? You may. Thank you. Blake Fields sold 5.8 grams of crack cocaine to an undercover agent in November 2007. He was convicted of distribution and sentenced by Judge Young in January 2009 to 18 years, a sentence driven by his classification as a career offender based upon two assaults in 2004. He has now served 12 years of this sentence. He was 23 years old at the time of the offense. He is now 36 years old. Upon passage of the First Step Act, he moved for reduction of sentence, arguing that the court had discretion to do it, that this reduction was warranted by the 3553A factors, and in particular by his post-sentence rehabilitation and the fact that he no longer qualifies as a career offender under current criteria. Judge Young denied the motion without hearing in a one-sentence order, which only said that, quote, the act does not sweep so broadly as is here claimed. On appeal, the parties are agreed on certain essentials. One, that the defendant is eligible for consideration under the statute as he was sentenced for a covered offense. Two, that the judge had broad discretionary power to impose a reduced sentence and could do so whether or not the guideline calculation changed. And third, that the district court judge was obliged to consider the 3553A factors in deciding what to do and could properly consider his post-sentence rehabilitation. Mr. Stern, I think as you are aware, the district court judge also cited his opinion in Concepcion, and that, as I understand it, Concepcion was argued last month. So you are in the difficult position where the key controlling precedent is sort of in process but not yet issued, so neither you nor we know what it is. It would be helpful to me, and I do not want to foreclose you from saying other things, but it would be helpful to me to know if Concepcion is affirmed, is there anything that distinguishes your case that we should still consider? And conversely, if Concepcion is reversed, how far do we take that in your case? And particularly the first question, if we assume Concepcion is affirmed, have we got anything left in this case? Well, it depends on what basis Concepcion is affirmed. The government contends in that case that the court did exercise discretion to deny relief. In our view, and therefore the government also agrees that 3553 factors are to be considered. In our view, the judge Young really determined that he had no discretion under the Hegwood Fifth Circuit type of analysis, which is that the only thing that the First Step Act authorizes a court to do is for the court to put itself in some kind of a time warp where the court puts himself in the shoes of the sentencing judge at the time of the sentencing and makes only those changes that the act actually requires. For example, if the sentence being served is in excess of a new maximum sentence, then obviously the statute affirmatively requires a change. And that is said to be derived from the as if clause in the statute, which we think did not say so at all. Imagine that the Concepcion Court holds that under the First Step Act, all the sentencing judge should consider is the specific changes instituted by Sections 2 and 3 of the Fair Sentencing Act. If Concepcion holds that, then how would that affect this case? First of all, I think one of the changes that was made by the Fair Sentencing Act, which is now applicable to this defendant, is to reduce the maximum sentence. So this defendant's maximum sentence was cut in half and went from 80 years to a maximum sentence of 30 to 40 years. And I would suggest that under any rational, reasonable interpretation of the statute, even which I regard as a fairly extreme interpretation that there is really no substantial discretion, that that would be a change that indicates the court has power to recognize it. As Your Honor's decision in the Smith case discussed, a change in the maximum as in the upper bound is just as important as a change in the lower bound and mandatory minimum. Because that sets what Your Honor referred to as the anchoring benchmarks, the poles of the sentencing, and consistency with the entire legislative history, that these sentences were far too great and indeed had a racially discriminatory impact, that that is exactly the kind of thing that should cause the court to seriously consider exercising discretion to reduce the sentence. Counselor, I'm sorry, but it would be really helpful if we could get an answer to Judge Cayatta's question? Well, my answer is yes. Even if the Hegwood rationale was, would it mechanically, if it required that the statute mechanically change something, no, it didn't change anything in our case. But if you really look at what was changed, his sentencing criteria were changed. His maximum was reduced by half. And that is, I think, would necessarily call for a close examination and an exercise of discretion, even under that Hegwood type of rationale. But all of the cases seem to say, and even the government admits, that the court had broad discretion and indeed that the court should have applied the 3553 factors. Where we see no indication of that at all. First of all, that's basically what the court said it was not doing by referring to Concepcion. And secondly, there's not the slightest indication that Judge Young engaged in a discretionary exercise here based upon our showing of mitigating evidence. Your time is up. Thank you. You have two more minutes. In rebuttal, correct? Yes. Thank you, Attorney Stern. You can mute your device. And if we could hear from Attorney Zaks, please. Good morning, Your Honors. Jennifer Zaks for the United States. As my brother counted out counsel said, yes, we are. There are substantial bases of agreement. This defendant was eligible for reduction. And the district court did have broad discretion. Really, the only question here is, did the court properly exercise that discretion? And I think, contrary to what my brother counsel said, the record does show that the district court considered the 3553A factors as urged by both parties. And I think that an examination of the record demonstrates that although the court's... When the district court said the First Step Act doesn't sweep so broadly, why isn't that an interpretation of the law and not an application of the court's discretion? I think it certainly in a vacuum could be read that way, Your Honor. But I think in context, what that has to mean is that the First Step Act does not support on these facts the reduction that's requested. And there are a couple of reasons for that. The first reason is that both parties urged the application of the 3553A factors. Both of them gave extensive arguments as to why these various factors, the court should apply them and should use them. And obviously, arguing in opposite directions, but both agreed that they were applicable. If the district court were to have totally rejected the theory of both parties, to say that it had an entirely different conception of the law where those were inadmissible, presumably it would have said so. The second reason... Excuse me, but we seem to be guessing a lot as to what the judge meant or didn't mean. Wouldn't we be helped by a more extensive order explaining his reasoning? Absolutely, that would be a possibility, Your Honor. If this court were to wish to remand it, that would be... But I don't think it's necessary on the facts of this case because I think that there really is only one interpretation of what the district court was doing here. And as I said, the first point is that both parties, both of them argued for the application of the 3553A factors. The second point is... Could you stay with that factor for a minute? Because we see issues in sentencing appeals all the time where both the government and the defendant agree on a joint request for sentencing and the district court judge does something different as he or she is entitled to do. We see that all the time on recommended sentences even. So I don't see the logic behind your suggestion that we should infer the district court did X because both parties argued it should do X. Well, Your Honor, I think this... Well, there are other things as well. But if I can just circle back to that, the point that Your Honor just made, yes, that we're the parties sort of could make a joint recommendation and the court could... to ignore that to make its own decision. But here it's not a question of a recommendation. Here, both parties had a similar understanding of the law, that the law allowed the district court to consider the 3553A factors, that it's not a result. It's the legal analysis. And if the court were to have rejected that legal analysis, then presumably it would have said so. But even more so, we know that's not what happened because we look at the district court's decision, this citation of its own decision handed down the previous day in Concepcion. But Counselor, in Concepcion, at least the district court added that he believed that the sentence was fair and just at the time and remains so today. So it seems to me that that's a clear indication of the exercise of discretion. We just didn't get that here. That's right, Your Honor. And obviously it would have been preferable for the district court to give, as it did in Concepcion, an extended lengthy discussion of its reasoning. Or just a little something. Yes, Your Honor. But I think here we can use the district court's citation of its own discussed at great length how it was applying these factors under the First Step Act to apply to this case as well. And I mean, this case is unusual and perhaps unique. The two defendants in Concepcion and in this case were similar, not precisely, but there's extreme similarity between their factual and legal circumstances. They were both career offenders. Under the First Step Act, and in both cases, the parties agreed that the court should consider the 3553A. The one difference or one important difference here, and which does in fact justify the district court's use of a more summary decision, is that here the guideline sentencing was unchanged. The guideline sentencing was unchanged, and the most important factor, which the district court had discussed at the time of the initial sentencing, that is the prior predicates, the prior crimes of the defendant, which the district court referred to as crimes of incredible violence, shooting at people, in fact hitting in one case that person, in broad daylight, remained the same. In other words, the district court, there was no need for it to discuss at length, or indeed at all, its decision not to change the sentence where the fact, the GSR, and the most important underlying factor had not changed. But that said, I don't think it would be in any way inappropriate for this court to remand for a fuller explanation. However, I would say it's probably not a particularly worthwhile exercise, given that the district court's own citation of its own decision tells us exactly what its legal analysis was. Could you clarify one thing for me? When you're saying you agree with the defendant that the district court should have applied 3553A factors to its decision here, are you agreeing that it should apply those factors based on an assessment of the world and the defendant as they all exist today? Or is it supposed to try to redo a 3553A analysis based on the world as it existed at the time of original sentencing? Well, I think the fact that the district court has discretion may apply the 3553A factors as it sees that they apply the facts of the case. In many cases, that will be, if there's some substantial change that the court wants to consider, that the court feels is necessary to consider, is important to consider, the factors as they are now, a re-evaluation of the factors. And of course, if things have changed, if the factors are different, that's something that the district court certainly has discretion to take into its sentencing calculus. However, in many cases, the most important factors driving the sentence are going to be the ones as determined at the time of the original sentencing. And particularly, you can see that in this case, there are the prior crimes of the defendant, which necessarily have not changed over time. Is it your position that the court can reconsider whether his prior offenses constitute ACCA predicates? Consider, I think the word consider could be given a couple of different meanings here. And the answer is yes to one, no to the other. If consider in terms of determining what the correct guideline sentencing range for this defendant is, no. The guideline sentence, as the First Sentencing Act, the First Act says, the only thing that's supposed to be changed is the changes that were worked by the Fair Sentencing Act making those retroactive. In other words, the district court will impose as if those particular sections, which change the statutory boundaries, were in effect. But if the court were to consider, as in add into the sentencing calculus, think balance. Yes, absolutely. That is something that the court may consider. And that comes in as the 3553A factors. These are things that feed into determining what the have found, that the permissive language may impose a reduced sentence, suggest that those factors may be considered. Ultimately, there's not really that much difference. You're saying that if the previous offenses would no longer constitute crimes of violence, that the take that into consideration as a 3553 issue? Absolutely. There are many, many different factors that the court can look into and consider when it is imposing a sentence under its broad... Finish your sentence. I'm sorry? Go ahead and finish what you were saying. I'm sorry, Your Honor. I didn't hear you. And then that's exactly the kind of broad discretion that the district court exercised in this case. And this decision should be upheld. Thank you. Thank you. Thank you, Attorney Sachs. You can mute your audio and video. Attorney Stern, you have a two minute rebuttal. Thank you. The government says the difference between this and conception is the guidelines have not changed. Well, we think the guideline that the guideline level hasn't changed. We think the guideline has changed. If you're considering if as the government concedes you consider 3553 factors, I don't know how you exclude the current guideline from that. And if you apply the current guideline, we submit and the government has not challenged on this appeal, at least so far, that he does not qualify as a career offender. But even if he did, there are many cases in which a court says, yes, he may still be a career offender, but we still have discretion to go outside of that, as the court did even before. To a small extent, we can we can go and we can look at the whole case. And the whole case here involves the rationale that the judge originally gave for this sentence. He said, I am giving you an 18 year sentence for five grams of cocaine because I predict this is what is necessary to keep the community safe from your crimes. And now look at what has happened. He has made an incredible record in prison. He has shown that the prediction that Judge Young made has not come true. And this is what the First Step Act is all about, to be able to take another look at this case, to look at all of the evidence that he has accumulated and the support he has from the prison system and from all these people that know his stable family relationships and his character that has evolved from year 23 to year 36. That is what this is about. And that is why he is perfectly positioned to get a reduction and why Judge Young, whatever the guidelines are, and we do suggest that he must consider that, but whether or not that's time, whether or not he is entitled to the complete and individualized review that the framers of this act expected. Thank you. That concludes argument in this case. Attorney Stern and Attorney Zaks, you should disconnect from the hearing at this time.